UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>*ex rel.* RELATOR LLC<br><br>Relator,<br><br>v.<br><br>WILLIAM J. KELLOG, et al,<br><br>Defendants. | Case No.: 23-cv-118-CAB-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS RELATOR LLC'S FIRST AMENDED COMPLAINT**<br><br>**[Doc. No. 29]** |

On July 26, 2024, Defendants William J. Kellogg, La Jolla Beach and Tennis Club Partners L.P., and La Jolla Beach & Tennis Club, Inc. ("Defendants") filed a motion to dismiss the First Amended Complaint. [Doc. No. 29.][1]  On August 23, 2024, Plaintiff-Relator Relator LLC ("Plaintiff") filed an opposition.  [Doc. No. 33.]  The United States did not file an opposition.  On August 30, 2024, Defendants filed a reply.  [Doc. No. 34.] Pursuant to Civ.LR. 7.1.d.1, the Court finds the motion suitable for determination on the papers.[2]

---

[1] Defendants' Request for Judicial Notice [Doc. No. 29-3] is **GRANTED** pursuant to Federal Rule of Evidence 201.
[2] Defendants' Request for Oral Argument [Doc. No. 29-4] is **DENIED**.

# BACKGROUND

Defendant La Jolla Beach and Tennis Club L.P., a California limited partnership ("La Jolla Borrower") is a limited partnership that owns and operates the La Jolla Beach & Tennis Club (the "Club"). Plaintiff alleges that the Club is an exclusive members only private club in La Jolla, California. Plaintiff further alleges the La Jolla Beach & Tennis Club, Inc. ("La Jolla Manager"), is the managing member of both La Jolla Borrower and the Club and is responsible for its financial operations and accounting. Finally, Plaintiff alleges that Defendant William J. Kellogg ("Kellogg") is CEO of La Jolla Borrower and La Jolla Manager.

This case arises from Defendants' application for a Paycheck Protection Program ("PPP") loan. [Doc. No. 26 at 3.] The federal government implemented the PPP in response to the COVID-19 pandemic to provide eligible businesses with loans to cover payroll and other specified business-related expenses. *Id.* at 4. Businesses wishing to obtain a PPP loan were required to submit a loan application, which required businesses to acknowledge PPP rules and certify their eligibility to receive a loan. *Id.* Certain businesses were ineligible for PPP loans, such as private clubs and businesses which limit the number of memberships for reasons other than capacity. *Id.* at 5, 16.

Plaintiff Relator initiated this case under seal on January 23, 2023. [Doc. No. 1.] Relator alleged Defendants were ineligible to receive PPP loans as a private club and business which limits the number of memberships for reasons other than capacity and thus knowingly made false or fraudulent statements on their PPP application in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729(a)(1)(A–B). *Id*. at 18-21. The Department of Justice investigated the allegations and declined to intervene. [Doc. No. 11.] The Court unsealed the Complaint on January 17, 2024. [Doc. No. 11.] Defendants filed a motion to dismiss the original complaint on June 14, 2024. [Doc. No. 25.] On July 5, 2024, Plaintiff Relator elected to file a First Amended Complaint ("FAC") [Doc. No. 26], and the motion to dismiss the original complaint was denied as moot [Doc. No. 28.] On July 26, 2024, Defendants filed this motion to dismiss the FAC. [Doc. No. 29.]

Defendants move to dismiss Relator's FAC under Rule 12(b)(1) for lack of jurisdiction pursuant to the FCA's public disclosure bar,[3] and pursuant to Rule 12(b)(6) for failure to state a claim.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory

---

[3] Dismissal under Rule 12(b)(1) is denied because the public disclosure bar has not been jurisdictional for the last 14 years and instead is an affirmative defense. *Prather v. AT&T, Inc.*, 847 F.3d 1097, 1102 (9th Cir. 2017). Because the public disclosure bar is an affirmative defense, a court may consider it on a motion to dismiss only "where the 'allegations in the complaint suffice to establish' the defense." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citation omitted).

## DISCUSSION

Defendants move to dismiss for two reasons: (1) the FCA's public disclosure bar applies; and (2) Relator's claims fail to satisfy Rules 12(b)(6) and 9(b). [Doc. No. 7-17 at 6–7.] As will be discussed, the Court agrees with Defendants that the public disclosure bar applies. Therefore, the Court declines to address Defendants' remaining arguments.

### A. Applicable Law.

"The FCA creates civil liability for 'any person who (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or] (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim.'" *United States v. Allergan, Inc.*, 46 F.4th 991, 993 (9th Cir. 2022) (quoting 31 U.S.C. § 3729(a)(1)). "A private person, known as a *qui tam* relator, may bring a civil action under the FCA in the name of the U.S. government." *Id.* at 994 (citing 31 U.S.C. § 3730(b)). "The government may proceed with the action or decline to take over the action; if the government declines, then the relator can still pursue the action." *Id.* (citing 31 U.S.C. § 3730(b)(4)). "The FCA incentivizes whistleblowers to come forward by offering successful relators up to thirty percent of the recovery." *Id.* (citing 31 U.S.C. § 3730(d)). However, "the FCA ... provides limits on who can bring a *qui tam* action and the sources of information upon which they can base their suit." *Id.* "These 'bars' to suit are intended to prevent 'parasitic' or 'opportunistic' qui tam actions." *Id.* (citation omitted).

### B. Public Disclosure Bar.

The public disclosure bar is set forth in 31 U.S.C. § 3730(e)(4)(A), which provides:

> The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed—

        (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
        (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or
        (iii) from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

Thus, the public disclosure bar is triggered when: "(1) the disclosure at issue occurred through one of the channels specified in the statute; (2) the disclosure was public; and (3) the relator's action is substantially the same as the allegation or transaction publicly disclosed." *Id*. at 996 (citing *United States ex rel. Solis v. Millennium Pharms., Inc.*, 885 F.3d 623, 626 (9th Cir. 2018)) (internal quotations omitted).

Here, as currently pled, the FAC is barred by the public disclosure bar. The fact that Defendants obtained a PPP loan was disclosed on a federal website, PandemicOversight.gov, which qualifies as a "report" for purposes of the public disclosure bar. *See U.S. ex rel. Rosner v. WB/Stellar IP Owner, LLC*, 739 F.Supp.2d 396, 405, 407 (S.D.N.Y. 2010) (holding that a "database available on a government website" can qualify as a "report" under the public disclosure bar when "readily available," "free," and "easily navigable"). Searching for "La Jolla Beach and Tennis Club Partners L.P." on this site provides results showing that the LJBTC Partnership did receive a PPP loan in April 2020 in the amount of $4,200,165.00. The Government's website shows the full name of the business that received the loan, the loan amount, the date the loan was approved, the lender, the loan amount forgiven, the date the loan amount was forgiven, the number of jobs reported, the number of loans, the spending category, and the industry. Specifically, the website shows that Defendant is in the Golf Courses and Country Clubs sector of the Arts, Entertainment and Recreation industry. [Doc. No. 29-2 at 13, 73.] In addition, the information regarding Defendant being an "exclusive" country club could also be found in news media sources, including a news article discussing "exclusive" country clubs receiving PPP loans while still collecting full dues – and listing

Defendant as one such potential club. [Doc. No. 29-2 at 57-66.] Thus, there were several qualifying public disclosures.

In addition, the allegations of the FAC are "substantially similar" to the information already disclosed by the U.S. Government on pandemicoversight.gov and by various news media sources. In the Ninth Circuit, the following formula is used to determine substantial similarity:

> [I]f X + Y = Z, Z represents the allegation of fraud and X and Y represent its essential elements. In order to disclose the fraudulent transaction publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z, i.e., the conclusion that fraud has been committed.

*Mateski v. Raytheon Co.,* 816 F.3d 565, 571 (9th Cir. 2016)

As discussed above, the "X" is the information on the government website and the news articles which discloses that Defendant is an "exclusive" country club and obtained a PPP loan. The "Y" is the general PPP guideline publicly available on the SBA's sba.gov website which states that private clubs that limit membership for reasons other than capacity are not eligible for PPP loans. In fact, the FAC specifically alleges that the SBA regulations "are clear that private clubs that limit membership for reasons other than capacity are not eligible whatsoever to obtain PPP loans" [Doc. No. 26 at ¶22], and that "even a brief review of the rules would reveal that these types of clubs cannot take PPP money" [Doc. No. 26 at ¶24]. Thus, by Plaintiff's own allegations, such a prohibition was clearly and publicly available prior to the filing of the complaint.

When "X" and "Y" are combined, the conclusion that fraud has been committed ("Z") can be inferred. In other words, the material elements of the alleged fraud – that Defendants applied for a PPP loan despite being an "exclusive" club – were publicly disclosed. From that information, "readers or listeners may infer . . . the conclusion that fraud has been committed." *Mateski*, 816 F.3d at 571.

Accordingly, the material elements of the allegedly fraudulent "transaction" were disclosed in the public domain and Plaintiff's claim and the prior disclosure are substantially similar.

C. Original Source.

Since there has been a public disclosure, the case must be dismissed unless Relator is found to be an "original source" of the information and the Government does not oppose dismissal. 31 U.S.C. § 3730(e)(4)(A). Relator bears the burden of establishing that it qualifies as an original source. *United Statesex re. Solis v. Millennium Pharmaceuticals, Inc.*, 445 F.Supp.3d 786, 795 (9th Cir. 2020)(citations omitted). An "original source" is defined in relevant part as an individual who "has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section." 31 U.S.C. § 3730(e)(4)(B).

Relator's allegations appear to be based entirely on public information. Relator does not cite any information in the FAC that materially adds to the public disclosures or shows that Relator had any independent knowledge of the alleged fraud. *See United States ex rel. Hastings v. Wells Fargo Bank, NA, Inc.*, 656 Fed. App'x 328, 331–32 (9th Cir. 2016) ("Allegations do not materially add to public disclosures when they provide only background information and details relating to the alleged fraud — they must add value to what the government already knew."). Accordingly, Plaintiff fails to show that it is an "original source" for purposes of circumventing the public disclosure bar.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED WITH LEAVE TO AMEND.** Plaintiff may file a Second Amended Complaint ("SAC") no later than **December 28, 2024**. If no SAC is filed by December 28, 2024, the case will be closed.

Dated: November 25, 2024

Hon. Cathy Ann Bencivengo
United States District Judge